WILLIAM DREXLER, RESPONDENT, v. GOTHAM CARD AND PAPER COMPANY, INCORPORATED, ET AL., APPELLANTS.

Decided March 22, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellants, *Mark Townsend, Jr.*

For the respondent, *Pesin & Pesin.*

PER CURIAM.

This is an action brought to recover compensation for personal injuries received by the plaintiff arising out of a collision between an automobile which he was driving and an automobile belonging to the defendants. The trial of the case resulted in a verdict in favor of the plaintiff, and the defendants have appealed from the judgment entered thereon.

The only two grounds of appeal are based upon the alleged error of the trial court in overruling the defendants' motion to strike out the answers to two questions asked by plaintiff's attorney of a physician named Sirken, called to testify to the nature of the injuries which the plaintiff asserted he had received in the collision. The principal injuries for which the plaintiff claimed compensation were a hernia resulting from a blow in the abdomen and the partial disability of one of his arms. In the direct examination of Dr. Sirken he was asked this question: "Assuming that this individual [the plaintiff] said he had no hernia before the accident, and then received a trauma, a blow in the abdomen, and this hernia made its appearance for the first time, would you then say it was the result of the accident, assuming that you had found a post-operative hernia?" To this question the following answer was given by the witness: "I can answer that question because a trauma like that could produce a hernia at a post-operative scar." The attorney for the defendants moved to strike out this answer on the ground that it takes into consideration possibilities and not probabilities. The court refused to strike the answer out, and this refusal is made the basis for the first ground of reversal.

An examination of the case shows that no exception was taken to the ruling of the court on the motion to strike out the answer. This being so, the question of the propriety of the judge's ruling is not before the court for review and will not be considered. This is the rule laid down by the Court of Errors and Appeals in the case of *Burt* v. *Brownstone Realty Co.*, 95 *N. J. L.* 457, and has been followed in numerous earlier cases which are cited in that opinion.

The other ground urged for reversal is that the trial court erred in overruling defendants' objection to the following question asked of Dr. Sirken by plaintiff's attorney: "Doctor, if he had had this accident do you say that this arm condition could come from such a trauma as described?" The question was objected to, the objection was overruled and an exception duly taken to the court's action in per-

mitting the question to be answered. We see no error in the court's ruling, but if we had reached the opposite conclusion, that fact would not justify a reversal of the judgment before us for this reason: The question was asked of the witness on his re-examination following the cross-examination by the attorney of the defendants. In the cross-examination the witness was asked the following question: "As to the condition of the arm you observed certain things, did you not? *A.* Yes. *Q.* And from your observation could you definitely state that there was an impaired function of the arm? *A.* Yes, I could. *Q.* Without knowing the history, doctor, could you definitely state what the condition of his arm was due to? *A.* I could definitely state a number of causes that the condition of his arm might be due to. *Q.* What are some of the causes? *A.* Trauma. *Q.* What else could it be due to besides trauma? *A.* Some infection or disease." The question objected to, as will be observed, was a mere repetition of the question which counsel for the defendants put to the witness on his cross-examination, and which was answered by the latter, and manifestly could not have produced any harm or injury to the defendants.

For the reasons indicated, we conclude that the judgment under review should be affirmed.